Delaney v HC2, Inc. (2023 NY Slip Op 06200)

Delaney v HC2, Inc.

2023 NY Slip Op 06200

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Index No. 100690/22 Appeal No. 1137 Case No. 2022-05769 

[*1]Andrew Delaney, Plaintiff-Appellant,
v
HC2, Inc. Doing Business as Hire Counsel, Defendant-Respondent.

Andrew Delaney, appellant pro se.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York (Michael Nacchio of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered December 22, 2022, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's complaint, in which he alleged that defendant improperly terminated his employment in violation of Labor Law § 740, was properly dismissed because plaintiff lacks legal capacity to sue (CPLR 3211[a][3]). Plaintiff filed for Chapter 7 bankruptcy after he was terminated and the trustee in the bankruptcy proceeding settled his then-pending Labor Law § 740 counterclaim against defendant (see Delaney v Messer, 2023 WL 2614099, *11-12, 2023 US Dist LEXIS 50217, *32-35 [ED NY, Mar. 20, 2023, 22-CV-4805 (AMD)]). Once plaintiff filed for bankruptcy, the trustee stood in his shoes as legal representative of the estate and had the legal capacity to commence and prosecute plaintiff's Labor Law § 740 claims, which arose before the bankruptcy proceeding (see Moncho v Miller, 200 AD3d 533, 533-534 [1st Dept 2021]). Plaintiff's argument that he may maintain this action based on his claim that HC2 blacklisted him after his termination from his employment is unavailing. Plaintiff's claims in this action are based on the same allegations that he made in the settled matter, i.e., that he complained to HC2 in March 2020, before he commenced the bankruptcy proceeding, that it was permitting employees to work with "flu-like symptoms," and that he requested but was denied the opportunity to work from home or to be paid to stay at home.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023